UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Larry Horton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14-CV-2159 |
| | ) | |
| C/O Krumweide, | ) | |
| C/O Swale | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se and incarcerated in Jerome Combs Detention Center in Kankakee, Illinois, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment proscription against cruel and unusual punishment, and retaliation for the exercise of Plaintiff's First Amendment rights.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff alleges that the defendants violated his constitutional rights through a cell re-assignment and a correctional officer's statements to other inmates regarding Plaintiff's alleged homosexual activity. Plaintiff alleges the statements made to other inmates created an environment in which Plaintiff faced a constant fear of being assaulted. As a result, Plaintiff alleges he suffered psychological injury. Plaintiff alleges further that, while housed in segregation, he was denied soap and other necessities as retaliation for filing grievances against correctional officers.

## ANALYSIS

The Eighth Amendment prohibits punishments that "involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." <u>Whitman v. Nesic</u>, 368 F.3d 931, 934 (7th Cir. 2004) (citations omitted). In evaluating claims under the Eighth Amendment,

courts conduct a two-step inquiry: first, the alleged constitutional deprivation must be "sufficiently serious" such that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," Id. (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)); and, second, the official must know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

### Cell Re-Assignment

Plaintiff alleges defendant Krumweide assigned Plaintiff to share a cell with an inmate despite Plaintiff's expressed concerns regarding the new cellmate's background. The Seventh Circuit held that a jail official's duty is to act reasonably given the circumstances, and not gratuitously place an inmate in harm's way. See Riccardo v. Rausch, 375 F.3d 521, 525 (7th Cir. 2004) (citing McGill v. Duckworth, 944 F.2d 344 (7th Cir. 1991)). The qualification "gratuitously" is important because some inmates may voice concerns or objections in an effort to have a cell to themselves or choose a favored cellmate, while other inmates may perceive

"specters in every shadow, though their fears are unsupported." Id. Thus, a guard "must discriminate between serious risks of harm and feigned or imagined ones...." Id. With respect to those decisions, liability attaches "only when a guard is deliberately indifferent to a substantial risk of serious harm." Id. (citations omitted).

Plaintiff alleges that he expressed concerns to defendant Krumweide about sharing a cell with an inmate in custody on charges for sexual assault. Plaintiff's concerns were based on an incident at another prison involving Plaintiff's then-cellmate and a sexual act using Plaintiff's dirty underclothes. Plaintiff does not allege that the cellmate assigned by defendant Krumweide posed any specific threat of harm to Plaintiff, nor does Plaintiff allege that the cell assignment would have created a substantial risk of harm, other than Plaintiff's perceived fears of a reoccurrence of the incident at the other facility. At the time of the cell assignment, defendant Krumweide could not have foreseen that Plaintiff would be accused by the new cellmate of sexual assault or that another correctional officer would tell other inmates that Plaintiff had engaged in homosexual acts, thereby creating a constant threat of

physical harm from inmates in a cell block from which Plaintiff was being removed. Accordingly, the Court finds that Plaintiff has failed to state a claim for deliberate indifference against defendant Krumweide and claims against this defendant shall be dismissed.

## Failure to Protect

Plaintiff alleges next that, while Plaintiff was in segregation, defendant Swale told several inmates that he (Swale) had witnessed Plaintiff engaging in homosexual conduct that spurred a criminal investigation against Plaintiff for sexual assault. As a result, Plaintiff alleges that upon return to his former cell block, he was subjected to constant harassment and almost seriously injured.

Plaintiff does not allege that defendant Swale harassed him personally. Rather, Plaintiff alleges that Swale, by telling other inmates of Plaintiff's alleged homosexual behavior, exposed Plaintiff to a substantial risk of harm and constant harassment from those inmates. As a result, Plaintiff suffered the psychological injury alleged. Because Plaintiff does not allege physical injury, his claims are not based on a failure to protect from harm, but a "failure to protect from risk of harm." See Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996) In these situations, the Seventh Circuit has

held that the "failure to prevent exposure to risk of harm" does not rise to a constitutional violation absent a showing that the threat materialized and physical harm resulted therefrom. See id., 102 F.3d at 272; Saunders v. Tourville, 97 F. App'x 648, 649 (7th Cir. 2004) (no cognizable action for psychological damages, absent physical injury, where inmate was harassed after prison guard labeled him a snitch). A claim of "psychological injury does not reflect the deprivation of the minimal civilized measures of life's necessities." Babcock, 102 F.3d at 272 (internal quotations omitted). If, however, defendant Swale's actions were "conducted in a harassing manner intended to humiliate and inflict psychological pain," Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003), then defendant Swale could potentially be held liable. As it stands, Plaintiff has not alleged sufficient facts for the Court to infer defendant Swale's intent for making these statements. Therefore, Plaintiff is given leave to file an amended complaint with additional facts, if any exist, with regards defendant Swale's actions.

## Retaliation

Plaintiff alleges that correctional officer Villaforte denied him soap and other necessities after Plaintiff filed a grievance against

him for making derogatory, homophobic comments towards Plaintiff. "[A] prison official may not retaliate against a prisoner because that prisoner filed a grievance." DeWalt, 224 F.3d at 618. The adverse action need not independently violate the Constitution, rather "a complaint need only allege a chronology of events from which retaliation may be inferred." Id. Plaintiff has alleged that the denial of soap and other necessities occurred after Plaintiff filed the grievance against Villaforte. Potentially, Villaforte's actions could rise to the level of a constitutional violation upon a showing that the filing of Plaintiff's grievance was "at least a motivating factor" in Villaforte's treatment of Plaintiff. See Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). At this time, however, Plaintiff has not alleged sufficient facts concerning the events surrounding Villaforte's actions for the Court to make such a determination. Accordingly, Plaintiff is given leave to file an amended complaint concerning Villaforte's actions.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

Plaintiff shall have 30 days from the entry of this order to file an amended complaint with respect to defendant Swale and Correctional Officer Villaforte.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety.  Accordingly, the amended complaint must contain all allegations against all Defendants.  Piecemeal amendments are not accepted.  Pursuant to this Order, Plaintiff's Motion for Status [5] is denied as moot.

2)     This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3)     Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4)     If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in

forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED:     January 6, 2015

FOR THE COURT:

_s/Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE